BRIAN D. LYNCH
United States Bankruptcy Judge
1717 Pacific Ave, Suite 2155
Tacoma, WA 98402

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT TACOMA

In re:

WILLIAM ARTHUR DITTRICH,

Debtor.

Case No. 11-42382

**MEMORANDUM DECISION**

The Chapter 13 Trustee's Objection to Confirmation, [Docket No. 15], was heard on July 5, 2011. The primary issue is whether an above-median debtor who owns an unencumbered vehicle over six years old or with more than 75,000 miles may claim an additional $200.00 operating expense in calculating his or her projected disposable income. Debtor claimed such an additional operating expense on Line 57c of Official Form B22C. The Chapter 13 Trustee objected to confirmation of Debtor's plan and contends that Debtor is not entitled to this deduction under the Bankruptcy Code and relevant case law. The Court held a hearing on July 5, 2011 and took the matter under advisement. The Court considered the Trustee's objection and the Debtor's response, as well as the plan and schedules, including the B22C form, and the argument of counsel.

This Order constitutes the Court's Findings of Fact and Conclusions of Law for purposes of Fed. R. Bankr. P. 7052. The Court concludes that Debtor is not entitled to claim the $200.00 operating expense, nor is he entitled to a second $464.00 deduction for other vehicle expenses. The Trustee's objection to confirmation is SUSTAINED.

**1. Jurisdiction**

The Court has jurisdiction under 11 U.S.C. §§ 1334(b), 157(a) and 157(b)(1). This is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

**2. Factual Background**

The relevant facts are not in dispute. The debtor, a single person with no dependents, filed his Chapter 13 petition on March 25, 2011. He owns five vehicles free and clear of liens—three from 1973, one from 1971 and one from 1974. As a Chapter 13 petitioner, Debtor was required to file a Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income, Official Form B22C. His Form B22C reflects an annualized current monthly income of $79,824.00, which exceeds the applicable Washington median family income of $49,930.00 for a household of one. Debtor is thus an above-median debtor.

Debtor deducted on Line 27A a vehicle operating expense of $236.00. He also claimed on Line 57b a $464.00 deduction for "Vehicle Expenses in Excess of IRS Allowance" and on Line 57c a $200.00 deduction for "Special Expenses for Older Vehicle." Using these figures, Debtor arrives at a monthly disposable income of $111.66. His plan proposes to pay $200.00 per month for sixty months; unsecured creditors would receive an estimated distribution of $6,780.00, or approximately 14%.

The Trustee objected to confirmation on the grounds that (1) Debtor is not entitled to the $200.00 additional operating expense and (2) Debtor has failed to establish "special circumstances" for either deduction.[1] He argued that Debtor is not committing all of his projected disposable income to the plan as required by § 1325(b) and that disallowance of these deductions would result in a greater payout to unsecured creditors. Debtor responded that he is fully entitled to claim the $200.00 deduction, citing the recent United States Supreme Court decision in *Ransom v. FIA Card Services, N.A.*, — U.S. —, 131 S.Ct. 716, 178 L.Ed.2d 603 (2011). He further argued that both deductions were proper because he could provide the Trustee with documentation supporting his assertion of special circumstances. The Court took both issues under advisement.

**3. Discussion**

Since the Trustee has objected to confirmation and Debtor's plan does not propose to pay non-priority unsecured creditors in full, Debtor must pay all his projected disposable income for the

---

[1] The Trustee also objected to confirmation on the grounds that Debtor claimed impermissible charitable contributions, but withdrew that objection at the July 5, 2011 hearing.

2

applicable commitment period to unsecured creditors. 11 U.S.C. § 1325(b)(1). As an above-median debtor, Debtor's disposable income is calculated by reference to the Chapter 7 means test as set forth in § 707(b)(2). Section 707(b)(2)(A)(ii)(I) provides, in relevant part:

> The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service [IRS] for the area in which the debtor resides …

*Id.*

The IRS publishes tables setting forth the national and local expense standards by region. The National Standards set forth expenses for five categories: food, housekeeping supplies, apparel and services, personal care products and services and miscellaneous expenses. The Local Standards set forth expense amounts for housing, utilities and transportation. The transportation expense is broken down into two categories: vehicle ownership costs and vehicle operating costs. The operating expense allowances are set forth in tables which provide a certain deduction based on a debtor's location and on whether the debtor owns one or two vehicles. The Local Standards table sets forth caps—debtors are permitted to deduct the lesser of the Standard amount or the actual expense of operation.

The National and Local Standards are part of the IRS's Collection Financial Standards, which the IRS uses to ascertain a person's ability to pay delinquent taxes. To provide guidance to revenue agents in interpreting and applying the Standards, the IRS also publishes the Internal Revenue Manual (the "Manual"). Part 5, Chapter 8, Section 5.8.5.20.3 of the IRM provides:

> In situations where the taxpayer has a vehicle that is currently over six years old or has reported mileage of 75,000 miles or more, an additional monthly operating expense of $200.00 will generally be allowed per vehicle.

The Manual is not part of, or in any way incorporated into, the Local Standards. Rather, it "comes in the guise of a supplement to the Local Standards for vehicle operation expenses. No reference is made to it in the tables. It is a separate adjustment which is not part of the Local Standards." In re *VanDyke*, 2011 WL 1833186, at *5 (Bankr. C.D. Ill. 2011).

3

Debtor contends that the United States Supreme Court's decision in *Ransom v. FIA Card Services, N.A.*, — U.S. —, 131 S.Ct. 716, 178 L.Ed.2d 603 (2011) supports his position that he may deduct the $200 operating expense provided for in the IRM for at least one of his old cars. *Ransom* held that a debtor lacking a vehicle loan or lease payment may not claim a deduction for the vehicle ownership expense contained in the Local Standards. 131 S.Ct. at 725. Justice Kagan, writing for the majority, set forth how this Court should treat the Collection Financial Standards in calculating a debtor's disposable income:

> Although the [Bankruptcy Code] does not incorporate the IRS's guidelines, courts may consult this material in interpreting the National and Local Standards; after all, the IRS uses these tables for a similar purpose—to determine how much money a delinquent taxpayer can afford to pay the Government. The guidelines of course cannot control if they are at odds with the statutory language. But here, the Collection Financial Standards' treatment of the car-ownership deduction reinforces our conclusion that, under the statute, a debtor seeking to claim this deduction must make some loan or lease payments.

131 S.Ct. at 726. However, Justice Kagan was careful to note that the Code does not incorporate or import the Standards:

> Because the dissent appears to misunderstand our use of the Collection Financial Standards, and because it may be important for future cases to be clear on this point, we emphasize again that the statute does not "incorporat[e]" or otherwise "impor[t]" the IRS's guidance ... The dissent questions what possible basis except incorporation could justify our consulting the IRS's view, ... but we think that basis obvious: The IRS *creates* the National and Local Standards referenced in the statute, revises them as it deems necessary, and uses them every day. The agency might, therefore, have something insightful and persuasive (albeit not controlling) to say about them.

*Id.*, n. 7. (citation omitted).

This footnote notwithstanding, at least one other bankruptcy court has relied on the *Ransom* decision to hold that a debtor may claim the old-car deduction contained in the IRM. *See In re Baker*, 2011 WL 576851, at *3 (Bankr. D. Mont. 2011) (reaffirming a prior decision and finding the deduction was "not at odds with any statutory language" in the Code).

This Court finds more persuasive three other post-*Ransom* decisions in which bankruptcy courts have held that above-median debtors may not take the old-car deduction as a matter of right, without establishing special circumstances. *See In re Hargis*, 2011 WL 1651235, at *2 (Bankr. D. Utah

4

2011) (denying the deduction because it is not contained in the Local Standards nor the Collection Financial Standards, and therefore "not an expense specified under the … Local Standards within the meaning of § 707(b)(2)(A)(ii)(I)"); *In re VanDyke*, 2011 WL 1833186, at *5 (denying the deduction because it is not contained in the Local Standards tables and "directly contradicts the language of the Bankruptcy Code"); *In re Schultz*, 2011 WL 2443711 (Bankr. W.D. Mo. 2011) (same).

These cases recognize that permitting a debtor to claim a deduction contained in the Manual—but not the Local Standards—is "at odds with the statutory language" of the Code and contrary to Supreme Court's clear guidance that the Code does not incorporate or import the guidance contained in the Manual. *Ransom*, 131 S.Ct. at 726. As noted in *Schultz*, § 707(b)(2) provides that "the debtor's monthly expenses **shall be** the debtor's applicable monthly expense amounts specified under the National and Local Standards." § 707(b)(2)(A)(ii)(I) (emphasis added); *Schultz*, 2011 WL 2443711, at *3. This Code section mandates that a debtor may claim *only* those expense amounts contained in the Local Standards tables. The additional $200.00 old-car deduction is not set forth in the tables—it is contained in an entirely separate internal guidance document provided to IRS revenue agents. It is not in any sense "specified under" the Local Standards for purposes of § 707(b)(2). "The allowance of an additional amount as set forth in the IRS guidelines is not a matter of interpretation of the Local Standards, but one of its revision." *VanDyke*, 2011 WL 1833186, at *5. The Court concludes Debtor may not claim this additional $200.00 as a matter of right by reference to the *Ransom* decision and the Manual.

Debtor further argues that the $200.00 deduction, as well as the $464.00 deduction, are proper under § 707(b)(2)(B) because of "special circumstances." To show special circumstances, a debtor must itemize each additional expense and provide supporting documentation. § 707(b)(2)(B)(ii)(I). The debtor must provide a "detailed explanation" of why the additional expense is "necessary and reasonable." § 707(b)(2)(B)(ii)(II). The debtor must attest under oath that both the itemization and explanation are accurate. § 707(b)(2)(B)(iii). Finally, the debtor must show there is "no reasonable alternative" to the additional expense. *Hamilton v. Lanning*, 130 S.Ct. 2464, 2477 (2010). Here, Debtor

5

has failed to fulfill any of these conditions. He did not itemize the expenses, did not provide supporting documentation, did not explain why the expenses were necessary and reasonable, did not certify under oath that the itemization and explanation were accurate and failed to show that he lacked a reasonable alternative. Thus, he cannot claim these expenses constitute "special circumstances."

For the foregoing reasons, the Court concludes that Debtor's claimed deductions are improper and the Trustee's objection to confirmation is SUSTAINED. It is so ORDERED.

// End of Opinion //

Brian D. Lynch
United States Bankruptcy Judge
(Dates as of Entered on Docket date above)